3:08-CV-1288-BZ

ADR

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS

Miguel Torres, S.A.

## DEFENDANTS

Torres de Anguix. S.L.

**(b)** County of Residence of First Listed Plaintiff Barcelona, Spain
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Dickenson, Peatman & Fogarty
809 Coombs Street
Napa, CA 94559
(707) 252-7122

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ☒ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☒ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | | ☐ 892 Economic Stabilization Act |
| | | | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | ☐ 870 Taxes (U.S. Plaintiff | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | or Defendant) | Act |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party | ☐ 900 Appeal of Fee |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | 26 USC 7609 | Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | **IMMIGRATION** | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus – | | ☐ 950 Constitutionality of |
| | Other | | Alien Detainee | | State Statutes |
| | ☐ 440 Other Civil Rights | | ☐ 465 Other Immigration | | |
| | | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. section 1114; 15 U.S.C. section 1125(a)

Brief description of cause:
Federal trademark infringement and unfair competition.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ TBD

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE
"NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)

☒ SAN FRANCISCO/OAKLAND     ☐ SAN JOSE

DATE 3/4/08

SIGNATURE OF ATTORNEY OF RECORD

J. SCOTT GERIEN, State Bar No. 184728
MEGAN FERRIGAN HEALY, State Bar No. 229177
DICKENSON, PEATMAN & FOGARTY
809 Coombs Street
Napa, California 94559
Telephone: (707) 252-7122
Facsimile: (707) 255-6876

Attorneys for Plaintiff
MIGUEL TORRES, S.A.

E-filing

ORIGINAL FILED
M12 - 5 2008
NORTHERN ... ...KING
OAKLAND COURT
CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Miguel Torres, S.A., | CASE NO. **C08-01288** |
| Plaintiff, | **COMPLAINT** |
| vs. | 1. **Federal Trademark Infringement**<br>2. **Federal Unfair Competition**<br>3. **California Trademark Infringement** |
| Torres de Anguix. S.L., | 4. **California Unfair Competition** |
| Defendant. | 5. **California False or Misleading Statements**<br>6. **Common Law Trademark Infringement** |
| | **DEMAND FOR JURY TRIAL** |

Plaintiff, Miguel Torres, S.A. ("Plaintiff"), for its complaint against Defendant, Torres de Anguix . S.L. ("Defendant"), alleges as follows:

## NATURE OF ACTION

1. This is an action to redress violations of the federal Lanham Act for infringement of a federally registered trademark (15 U.S.C. §1114), unfair competition (15 U.S.C. §1125(a)), violation of the California Business and Professions Code for trademark infringement (Cal. Bus. & Prof. Code §14335), unfair competition (Cal. Bus. & Prof. Code §17200) and the dissemination of false and misleading statements (Cal. Bus. & Prof. Code §17500), and common law trademark infringement, as the result of willful

and unauthorized use by Defendant of colorable imitations of Plaintiff's trademark, as more fully set forth hereinafter. Plaintiff seeks preliminary and permanent injunctive relief restraining Defendant's infringement of Plaintiff's trademark, monetary damages, attorneys' fees and related relief.

## THE PARTIES

2. Plaintiff Miguel Torres, S.A. is a Spanish Sociedad Anónima with its principal place of business located at Miguel Torres i Carbo 6, Vilafranca de Penedes, Barcelona, Spain 08720.

3. Upon information and belief, Defendant Torres de Anguix. S.L is a Spanish Sociedad Limitada with its principal place of business located at La Tejera, s/n 09312-ANGUIX, (Burgos), Spain.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's claim under and pursuant to 15 U.S.C. §1121 and 28 U.S.C. §1338(a), as the claims arise under the federal Lanham Act, 15 U.S.C. §§1051-1127. This Court also has pendent jurisdiction over all related claims herein in accordance with 28 U.S.C. §1338(b).

5. Upon information and belief, Defendant, either directly or through its agents, transacted business in the State of California and within this judicial district, as more specifically set forth below, and expected or should reasonably have expected its acts to have consequence in the State of California and within this judicial district.

6. Venue is proper in this district pursuant to 28 U.S.C. §1391(b), as Defendant is doing business in this judicial district and therefore may be found in this district, and/or as a substantial part of the events giving rise to the claims alleged herein occurred in this judicial district, and/or the infringement occurred in this judicial district.

## ALLEGATIONS COMMON TO ALL CLAIMS

7. Plaintiff is the owner of the following U.S. Trademark Registrations encompassing the term "TORRES":

| Trademark | Registration No. | Goods |
|---|---|---|
| TORRES | 897,048 | Wines; brandy |
| TORRES and Design | 1,413,565 | Brandy and wine |
| MIGUEL TORRES | 1,639,237 | Wines |
| NEROLA TORRES and Design | 2,929,180 | Wines |
| NEROLA TORRES and Design | 2,936,596 | Wines |
| TORRES 10 | 2,267,401 | Brandy |
| TORRES 20 | 2,267,400 | Brandy |
| TORRES 5 | 2,859,655 | Brandy |
| MIGUEL TORRES | 1,358,370 | Brandy |

(referred to hereinafter as the "TORRES Marks"). Such registrations are valid and subsisting and owned by Plaintiff. Pursuant to such registrations, Plaintiff's TORRES Marks are also presumed to be distinctive. The following registrations are now incontestable in accordance with 15 U.S.C. §§1065 and 1115(b): 897,048 (TORRES); 1,413,565 (TORRES and Design); 1,639,237 (MIGUEL TORRES); 1,358,370 (MIGUEL TORRES).

8. Plaintiff began the sale of its TORRES wines in Spain in the 1800s. Today, Plaintiff's TORRES wine is distributed in over 140 countries throughout the world. In 2007, Plaintiff sold over 3.1 million 9-liter cases (equivalent of over 372 million 750-ml bottles) of TORRES wine worldwide. The Torres family is also one of twelve members of the First Families of Wine, along with the Antinoris of Italy and the Rothschilds of France, among others. The First Families of Wine is an international

COMPLAINT                                                                    3

association of the most prestigious family wine producers from different regions of the world united for the purpose of promoting the values which are the backbone of the family wine business.

9. Since as early as 1953, long prior to the acts of Defendant complained of herein, Plaintiff has used the trademark TORRES in the United States in association with wine. In 2007, Plaintiff sold over 95,000 9-liter cases (equivalent of over 1.1 million 750-ml bottles) of TORRES wine in the United States. Plaintiff's U.S. interests also include ownship in Marimar Estate, Torres Family Vineyards, a winery located in Sebastapol, California headed by Marimar Torres.

10. TORRES is known as one of the most famous and well-recognized Spanish wine brands in the United States. Torres has received numerous awards and media recognition for its wines in the U.S., including the 2006 "Best European Winery of the Year" award presented by *Wine Enthusiast* magazine.

11. In a recent survey conducted by the brand-consulting company Intangible Business, the TORRES brand was found to be one of the top 15 most powerful wine brands in the world, along with the likes of GALLO, ROBERT MONDAVI and KENDALL-JACKSON.

12. Plaintiff owns extremely valuable goodwill which is symbolized by its TORRES Marks and each use of these marks substantially increases the value of Plaintiff's company and the salability of the goods sold through Plaintiff's company.

13. Upon information and belief, Defendant, Torres de Anguix. S.L, is presently offering Spanish wine for sale in the United States and in this judicial district under the mark TORRES DE ANGUIX and the trade name Torres de Anguix.

14. The mark TORRES DE ANGUIX is confusingly similar to Plaintiff's TORRES Marks and is used on the identical goods – wine from Spain. Both Plaintiff and Defendant

COMPLAINT 4

also use their marks on wine from the Ribera del Duero region of Spain. When one conducts an Internet search utilizing the Google search engine for the terms "Torres" and "Ribera Del Duero," the top ten results include references to both Plaintiff's brand and Defendant's brand.

15. As evidenced by the records of the U.S. Patent and Trademark Office (USPTO), on October 31, 2003 Defendant filed an application to register A TORRE DE ANGUIX and Design as a trademark for wine in the United States based on an intent to use the mark in U.S. commerce (U.S. Application Serial No. 76/555,544). On May 16, 2004, the USPTO refused registration of Defendant's mark based on confusing similarity with Plaintiff's registrations for TORRES (Reg. No. 897,048) and TORRES and Design (Reg. No. 1,413,565), both for wine. On November 18, 2004, Defendant responded to this refusal arguing the absence of confusing similarity. On December 13, 2004, the examining attorney issued a final refusal of registration based on likelihood of confusion with Plaintiff's TORRES marks. On June 14, 2005, Defendant appealed the final refusal to the Trademark Trial and Appeal Board (TTAB). On June 16, 2005, Defendant submitted to the examining attorney a request for reconsideration of the refusal and subsequently requested that the TTAB restore jurisdiction to the trademark examiner for consideration of the request, which it did. On December 15, 2005, the examining attorney issued a response continuing the final refusal of registration based on confusing similarity of Defendant's mark with Plaintiff's TORRES marks and restored jurisdiction to the TTAB. Defendant failed to prosecute the appeal and on April 12, 2006 the appeal was dismissed by the TTAB and the appeal was terminated on July 12, 2006, at which time a notice of abandonment issued against the application.

16. Despite its knowledge of the USPTO's finding that its TORRES DE ANGUIX mark was confusingly similar to Plaintiff's TORRES marks, Defendant nonetheless

proceeded to export its TORRES DE ANGUIX Spanish wine to the United States as evidenced by its current availability in the marketplace. This demonstrates a willful infringement of Plaintiff's trademark rights.

17. On November 20, 2007, Plaintiff sent Defendant a demand letter advising Defendant of Plaintiff's trademark registration and rights in the TORRES Marks and Plaintiff requested that Defendant cease use of the confusingly similar TORRES DE ANGUIX mark for wine. According to Federal Express records, the letter was received by Defendant on November 23, 2007. Defendant never responded to Plaintiff's demand letter.

18. Use of the TORRES DE ANGUIX trade name and mark by Defendant is likely to confuse consumers into believing that Defendant's TORRES DE ANGUIX wine is affiliated with, associated with, connected to, or sponsored by Plaintiff and its TORRES brand. Defendant and its TORRES DE ANGUIX brand will unjustly benefit from such association.

19. Plaintiff will be harmed by such consumer confusion as Defendant's TORRES DE ANGUIX wine brand will unjustly benefit from the false association with Plaintiff at no cost to Defendant. This will harm Plaintiff by endangering the ability of Plaintiff's TORRES Marks to serve as unique and distinctive source indicators for Plaintiff's wines.

20. Unless restrained by this Court, Defendant will proceed to unfairly compete with Plaintiff by using the TORRES DE ANGUIX mark, and Plaintiff will lose control of its valuable TORRES Marks, wherefore Plaintiff is without adequate remedy at law.

21. Defendant's infringing use of the confusingly similar TORRES DE ANGUIX mark will financially harm Plaintiff by diminishing the value of Plaintiff's mark as a source indicator for Plaintiff's goods, and Defendant's infringing use of TORRES as part of its

mark will increase the profitability of Defendant's TORRES DE ANGUIX brand wine to the detriment of Plaintiff.

22. This case is an exceptional case entitling Plaintiff to treble damages and attorneys' fees.

## FIRST CAUSE OF ACTION

(Federal Trademark Infringement under 15 U.S.C. §1114)

23. Plaintiff restates and reavers the allegations of Paragraphs 1 through 22, inclusive, and the acts of Defendant asserted therein as if set forth in full as part of this Cause of Action.

24. Defendant's above-averred actions constitute use in commerce of a reproduction, counterfeit, copy or colorable imitation of Plaintiff's registered marks in connection with the sale, offering for sale, distribution or advertising of goods or services on or in connection with which such use is likely to cause consumer confusion, deception or mistake as to source, sponsorship or approval of the Defendant's aforesaid services in violation of 15 U.S.C. §1114.

## SECOND CAUSE OF ACTION

(Federal Unfair Competition under 15 U.S.C. §1125(a))

25. Plaintiff restates and reavers the allegations of Paragraphs 1 through 24, inclusive, and the acts of Defendant asserted therein as if set forth in full as part of this Cause of Action.

26. The Defendant's above-averred actions constitute use in commerce of a word, name or device and false designation of origin which is likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection or association of Defendant with

COMPLAINT                                7

Plaintiff or as to the origin, sponsorship or approval of the Defendant's services or the goods offered in connection therewith in violation of 15 U.S.C. §1125.

## THIRD CAUSE OF ACTION

(State Trademark Infringement under Cal. Bus. & Prof. Code §14335)

27. Plaintiff restates and reavers the allegations of Paragraphs 1 through 26, inclusive, and the acts of Defendant asserted therein as if set forth in full as part of this Cause of Action.

28. The Defendant's above-averred actions constitute infringement upon a mark registered under Title 15 of the United States Code in violation of Cal. Bus. & Prof. Code §14335.

## FOURTH CAUSE OF ACTION

(State Unfair Competition under Cal. Bus. & Prof. Code §17200)

29. Plaintiff restates and reavers the allegations of Paragraphs 1 through 28, inclusive, and the acts of Defendant asserted therein as if set forth in full as part of this Cause of Action.

30. The Defendant's above-averred actions constitute unlawful, unfair or fraudulent business acts or practices in violation of Cal. Bus. & Prof. Code §17200.

## FIFTH CAUSE OF ACTION

(False or Misleading Statements under Cal. Bus. & Prof. Code §17500)

31. Plaintiff restates and reavers the allegations of Paragraphs 1 through 30, inclusive, and the acts of Defendant asserted therein as if set forth in full as part of this Cause of Action.

32. The Defendant's above-averred actions constitute the dissemination and making of untrue or misleading statements, which by the exercise of reasonable care should have been known to be false or misleading, in violation of Cal. Bus. & Prof. Code §17500.

## SIXTH CAUSE OF ACTION

(Common Law Trademark Infringement)

33. Plaintiff restates and reavers the allegations of Paragraphs 1 through 32, inclusive, and the acts of Defendant asserted therein as if set forth in full as part of this Cause of Action.

34. The Defendant's above-averred actions constitute trademark infringement and passing off in violation of the common law of California.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered as follows:

1. That Defendant, its principals, partners, franchisees, agents, employees, licensees, affiliates, importers, distributors, producers, any parent and subsidiary companies, attorneys and representatives and all of those in privity with or acting under its direction and/or pursuant to its control, be preliminarily and permanently enjoined and restrained, from directly or indirectly:

   a. Using the mark TORRES DE ANGUIX, or terms or marks confusingly similar to TORRES, in connection with the advertisement, promotion, distribution, offering for sale or selling of wine, or products or services related to wine;

   b. Performing any acts or using any service marks, trademarks, names, words or phrases that are likely to cause confusion, to cause mistake, to deceive or

otherwise mislead the trade or public into believing that Plaintiff and the Defendant are one in the same or are in some way connected or that Plaintiff is a sponsor of the Defendant or that the services or goods of the Defendant originate with Plaintiff or are likely to lead the trade or public to associate the Defendant with Plaintiff;

2.  That Defendant be required to file with the Court, and serve on Plaintiff, a statement under oath evidencing compliance with any preliminary or permanent injunctive relief ordered by the Court within fourteen (14) days after the entry of such order of injunctive relief.

3.  That Defendant, its principals, partners, franchisees, agents, employees, licensees, affiliates, importers, distributors, producers, any parent and subsidiary companies, attorneys and representatives and all of those in privity with or acting under its direction and/or pursuant to its control, be required to deliver up for destruction all advertising, promotional, point of sale, labels, caps, corks, neckers, packaging, and any other materials bearing the infringing mark together with all artwork, plates, molds, matrices and other means and materials for making and reproducing the same;

4.  That Defendant be ordered to pay Plaintiff monetary damages for the harm resulting from infringement of Plaintiff's mark, in an amount to be determined at trial;

5.  That Plaintiff's damages be trebled and that Defendant be order to pay Plaintiff's attorneys' fees on the basis that this is an exceptional case;

6.  That Plaintiff have such other and further relief as this Court shall deem just and proper on the merits.

COMPLAINT                                                    10

1  Dated:    3|4|08

2

3                                        Respectfully submitted,

4                                        DICKENSON, PEATMAN & FOGARTY

5                                        By
                                         J. Scott Gerien
6                                        Megan Ferrigan Healy

7                                        809 Coombs Street
                                         Napa, California  94559
8                                        Telephone: 707-252-7122
                                         Facsimile: 707-255-6876

9                                        Attorneys for Plaintiff,
10                                       MIGUEL TORRES, S.A.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

COMPLAINT                                11

1

2

## DEMAND FOR JURY TRIAL

3

4    Plaintiff hereby requests a trial by jury in this matter.

5

6    Dated: ___3|4|08___

7

8                              Respectfully submitted,

9                              DICKENSON, PEATMAN & FOGARTY

10

11   By _____
                                 J. Scott Gerien
12                               Megan Ferrigan Healy

13                               809 Coombs Street
                                 Napa, California  94559
14                               Telephone: 707-252-7122
                                 Facsimile: 707-255-6876
15

16                               Attorneys for Plaintiff,
                                   MIGUEL TORRES, S.A.
17

18

19

20

21

22

23

24

25

26

27

COMPLAINT                                    12