1  KATRINA J. LEE (SBN 191142)
   klee@nossaman.com
2  STEPHEN N. ROBERTS (SBN 62538)
   sroberts@nossaman.com
3  NOSSAMAN, GUTHNER, KNOX & ELLIOTT, LLP
   50 California Street, Thirty-Fourth Floor
4  San Francisco, California 94111-4707
   Telephone:  (415) 398-3600
5  Facsimile:  (415) 398-2438

6  Attorneys for Defendant
   TORRES DE ANGUIX, S.L.

7

8                     UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10                     SAN FRANCISCO DIVISION

11  MIGUEL TORRES, S.A.                  Case No:  C08-01288 WHA

12            Plaintiff,

13      vs.                              ASSIGNED FOR ALL PURPOSES TO:
                                         JUDGE WILLIAM ALSUP
14  TORRES DE ANGUIX, S.L.,              ANSWER OF DEFENDANT TORRES DE
                                         ANGUIX, S.L.
15            Defendant.

16                                       Date Action Filed: March 5, 2008
                                         Trial Date:  None Set
17

18

19

20

21

22

23

24

25

26

27

28

Defendant Torres de Anguix, S.L. ("Defendant") answers the Complaint of Plaintiff Miguel Torres, S.A. ("Complaint"), as follows:

## NATURE OF THE ACTION

1.      In response to Paragraph 1 of the Complaint, Defendant admits that Plaintiff has brought an action alleging common law trademark infringement and alleging violations of the statutes cited therein and that Plaintiff seeks the kinds of relief set forth therein.  Defendant denies the remaining allegations contained therein.

## THE PARTIES

2.      In response to Paragraph 2 of the Complaint, Defendant admits the allegations contained therein.

3.      In response to Paragraph 3 of the Complaint, Defendant admits the allegations contained therein.

## JURISDICTION AND VENUE

4.      In response to Paragraph 4 of the Complaint, Defendant admits the allegations contained therein.

5.      In response to Paragraph 5 of the Complaint, Defendant denies the allegations contained therein except as follows: Defendant admits only that certain of its wines are exported to the United States and the importer for such wines is based in the state of Virginia.

6.      In response to Paragraph 6 of the Complaint, Defendant denies the allegations contained therein except as follows: Defendant admits only that certain of its wines are exported to the United States and the importer for such wines is based in the state of Virginia.

## ALLEGATIONS COMMON TO ALL CLAIMS

7.      In response to Paragraph 7 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the same.

8.      In response to Paragraph 8 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the same.

9.      In response to Paragraph 9 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the same.

10.     In response to Paragraph 10 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the same.

11.     In response to Paragraph 11 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the same.

12.     In response to Paragraph 12 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the same.

13.     In response to Paragraph 13 of the Complaint, Defendant admits the allegations contained therein.

14.     In response to Paragraph 14 of the Complaint, Defendant denies the allegation that Defendant's mark is confusingly similar to Plaintiff's marks.  Defendant denies that such marks are used on identical goods.  Defendant admits that Defendant's mark is used on wine from Spain and admits that Defendant's wines are only from the Ribera del Duero region of Spain.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and therefore denies the same.

15.     In response to Paragraph 15 of the Complaint, Defendant denies the allegations that confusing similarity exists between Defendant's mark and Plaintiffs' marks, and Defendant denies the allegation that there exists a likelihood of confusion between Defendant's mark and Plaintiffs' marks.  Defendant admits the remaining allegations contained therein.

16.     In response to Paragraph 16 of the Complaint, Defendant denies all allegations contained therein.

17.     In response to Paragraph 17 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation regarding whether Plaintiff sent

Defendant a demand letter on November 20, 2007.  Defendant admits that one of its employees signed for and received a letter via Federal Express from Plaintiff on or around November 23, 2007.  Defendant admits that it did not send a letter in response to such letter but denies that it has not responded to Plaintiff regarding issues similar to or identical to those discussed in such letter in litigation with Plaintiff in Europe.

18.     In response to Paragraph 18 of the Complaint, Defendant denies the allegations contained therein.

19.     In response to Paragraph 19 of the Complaint, Defendant denies the allegations contained therein.

20.     In response to Paragraph 20 of the Complaint, Defendant denies the allegations contained therein.

21.     In response to Paragraph 21 of the Complaint, Defendant denies the allegations contained therein.

22.     In response to Paragraph 22 of the Complaint, Defendant denies the allegations contained therein.

## FIRST CAUSE OF ACTION

23.     In response to Paragraph 23 of the Complaint, Defendant incorporates its responses to Paragraphs 1 through 22 above, inclusive, as though fully set forth herein.

24.     In response to Paragraph 24 of the Complaint, Defendant denies the allegations contained therein.

## SECOND CAUSE OF ACTION

25.     In response to Paragraph 25 of the Complaint, Defendant incorporates its responses to Paragraphs 1 through 24 above, inclusive, as though fully set forth herein.

26.     In response to Paragraph 26 of the Complaint, Defendant denies the allegations contained therein.

## THIRD CAUSE OF ACTION

27.     In response to Paragraph 27 of the Complaint, Defendant incorporates its responses to Paragraphs 1 through 26 above, inclusive, as though fully set forth herein.

28.    In response to Paragraph 28 of the Complaint, Defendant denies the allegations contained therein.

## FOURTH CAUSE OF ACTION

29.    In response to Paragraph 29 of the Complaint, Defendant incorporates its responses to Paragraphs 1 through 28 above, inclusive, as though fully set forth herein.

30.    In response to Paragraph 30 of the Complaint, Defendant denies the allegations contained therein.

## FIFTH CAUSE OF ACTION

31.    In response to Paragraph 31 of the Complaint, Defendant incorporates its responses to Paragraphs 1 through 30 above, inclusive, as though fully set forth herein.

32.    In response to Paragraph 32 of the Complaint, Defendant denies the allegations contained therein.

## SIXTH CAUSE OF ACTION

33.    In response to Paragraph 33 of the Complaint, Defendant incorporates its responses to Paragraphs 1 through 32 above, inclusive, as though fully set forth herein.

34.    In response to Paragraph 34 of the Complaint, Defendant denies the allegations contained therein.

### FIRST AFFIRMATIVE DEFENSE
### (Failure To State A Claim For Relief)

35.    Plaintiff's Complaint, and each purported cause of action contained therein, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Laches)

36.    Plaintiff's claims are barred, in whole or in part, by the doctrine of laches because of its long delay in asserting its purported rights herein.

///

///

///

1

2

### THIRD AFFIRMATIVE DEFENSE
### (Statute Of Limitations)

3    37.    Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations,

4   including but not limited to California Bus. and Prof. Code section 17208 and California Code of Civil

5   Procedure section 338(d) (*see Karl Storz v. Surgical Technologies,* 285 F.3d 848, 857 (9th Cir. 2002)).

6

### FOURTH AFFIRMATIVE DEFENSE
### (Collateral Estoppel)

7

8    38.    Plaintiff is collaterally estopped from relitigating the issues and claims presented.

9

### FIFTH AFFIRMATIVE DEFENSE
### (Res Judicata)

10

11    39.    Plaintiff is barred from relitigating issues and claims presented because they have been

12   decided in prior proceedings, including but not limited to an action in the court of final decision in

13   Spain.

14

15    ### SIXTH AFFIRMATIVE DEFENSE
### (Waiver)

16    40.    Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

17    ### SEVENTH AFFIRMATIVE DEFENSE
### (Estoppel)

18

19    41.    Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

20    ### EIGHTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

21

22    42.    Plaintiff is barred from any equitable relief and damages due to its unclean hands.

23    ### NINTH AFFIRMATIVE DEFENSE
### (No Damages)

24

25    43.    Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered any

26   actual loss or damage as a result of any actions of Defendant.

27   ///

28

1

2

### TENTH AFFIRMATIVE DEFENSE
### (Damages Not Permitted)

3

4     44.     Plaintiff's claims are barred, in whole or in part, because the monetary recovery it seeks

is not permitted under the California Unfair Competition Law, California Business and Professions Code

5     Sec. 17200, *et seq.*

6

7     ### ELEVENTH AFFIRMATIVE DEFENSE
### (Attorneys' Fees Barred)

8     45.     Plaintiff's claims for attorneys' fees are barred, in whole or in part, by California Code of

9     Civil Procedure section 1021, because they are not permitted under the California Unfair Competition

10    Law, and/or because this case is not "exceptional" such as to entitle Plaintiff to attorneys' fees.

11    ### TWELFTH AFFIRMATIVE DEFENSE
### (Uncertainty of Damages)

12

13    46.     Plaintiff's claims are barred, in whole or in part, because any alleged damages are

14    speculative, remote, uncertain, and impossible to ascertain.

15

16    ### THIRTEENTH AFFIRMATIVE DEFENSE
### (Truth)

17    47.     Plaintiff's claims are barred, in whole or in part, because the allegedly untrue and/or

18    misleading statements are true.

19

20    ### FOURTEENTH AFFIRMATIVE DEFENSE
### (Free Speech)

21    48.     Plaintiff's claims are barred, in whole or in part, by the First Amendment and the state

22    and federal constitutional protection afforded free speech.

23

24    ### FIFTEENTH AFFIRMATIVE DEFENSE
### (Good Faith)

25    49.     Defendant acted in a manner that was proper, reasonable, and in the exercise of good

26    faith.

27    ///

28    ///

ANSWER OF DEFENDANT TORRES DE ANGUIX, S.L.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Lack of Personal Jurisdiction)

50.    The Court lacks personal jurisdiction over the Defendant.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Improper Venue)

51.    Venue is not proper in this judicial District.

## PRAYER

WHEREFORE Defendant prays for relief as follows.

(a)    As to Plaintiff's Complaint and each of its claims for relief that Plaintiff take nothing.

(b)    For Defendant's costs of suit herein, including reasonable attorneys' fees.

(c)    For such other and further relief as the Court may deem just and proper.


Dated:  June 9, 2008              KATRINA J. LEE
                                  NOSSAMAN, GUTHNER, KNOX & ELLIOTT, LLP


                                  By:  /s/ KATRINA J. LEE
                                       KATRINA J. LEE

                                  Attorneys for Defendant
                                  TORRES de ANGUIX, S.L.